## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § § § | |
| STONE PINE INVESTMENT BANKING, LLC | § § § | Case No. 10-37635HRT |
| Debtor | § § § | Chapter 7 |

| | | |
|---|---|---|
| DAVID E. LEWIS, as Chapter 7 Trustee for STONE PINE INVESTMENT BANKING, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. Pro. No. _____ |
| JACK TACKACS, PAUL BAGLEY, DONALD JACKSON, STONE PINE CAPITAL, LLC;STONE PINE VENTURE LENDING, LLC; STONEPINE ADVISORS, LLC; STONE PINE AUTO FUNDING, LLC; STONE PINE FINANCIAL, INC; HLSP INVESTMENT MANAGEMENT, LLC; HLSP INVESTMENT BANKING, LLC; STONE PINE LAZEREYES, LLC; HLPEF/SP MANAGEMENT, LLC; HLSP INVESTMENT MANAGEMENT, LLC; STONE PINE ACCOUNTING SERVICES, LLC;STONE PINE INVESTMENTS II, LLC;HAMILTON LANE SECONDARY FUND, LP;STONE PINE VENTURE LENDING, LLC; THE STONE PINE COMPANY; SPIB MANAGEMENT, LLC; and PRINCETON PARTNERS, | § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | | |

## COMPLAINT

01539179.2

1

COMES NOW DAVID E. LEWIS (the "Trustee"), in his capacity as Chapter 7 Trustee of Debtor Stone Pine Investment Banking, LLC, and files this Complaint against Defendants JACK TAKACS ("Takacs") and PAUL BAGLEY ("Bagley"),DONALD JACKSON ("Jackson"), STONE PINE CAPITAL, LLC ("Stone Pine Capital"); STONE PINE VENTURE LENDING, LLC ("Stone Pine Venture Lending"); STONEPINE ADVISORS, LLC ("Stonepine Advisors"); STONE PINE AUTO FUNDING, LLC ("Stone Pine Auto"); STONE PINE FINANCIAL, INC ("Stone Pine Financial"); STONE PINE ACCOUNTING SERVICES, LLC ("Stone Pine Accounting"); STONE PINE INVESTMENTS II, LLC ("Stone Pine Investment II"), STONE PINE LAZEREYES, LLC ("Stone Pine Laser"); STONE PINE VENTURE LENDING, LLC ("Stone Pine Lending"); THE STONE PINE COMPANY ("Stone Pine");SPIB MANAGEMENT, LLC ("SPIB Management"); HLSP INVESTMENT MANAGEMENT, LLC ("HLSP Management");HLSP INVESTMENT BANKING, LLC ("HLSP Banking");HLPEF/SP MANAGEMENT, LLC ("HLPEF/SP"); HAMILTON LANE SECONDARY FUND, LP ("Hamilton Lane"); and PRINCETON PARTNERS ("Princeton")(collectively, "Defendants"). In support of the foregoing, the Trustee respectfully states as follows:

## I.

### Jurisdiction and Venue

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

01539179.2

## II.
## Parties

2.      Plaintiff DAVID E. LEWIS was appointed as the Chapter 7 Trustee for Debtor Stone Pine Investment Banking, LLC (the "Debtor").

3.      Defendant JACK TAKACS("Tackacs") is a natural person residing in Dallas, Dallas County, Texas.  Takacs can be served at his principal address, 6347 Desco Drive, Dallas, Texas 75225 or wherever he may be found.

4.      Defendant PAUL BAGLEY ("Bagley")is a natural person residing in Denver, Colorado.  Bagley can be served at his business address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237, or wherever he may be found.

5.      Defendant DONALD JACKSON ("Jackson"), Jacokson can be served at his business address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237, or wherever he may be found.

6.      Defendant STONE PINE CAPITAL, LLC ("Stone Pine Capital")was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

7.      Defendant STONE PINE VENTURE LENDING, LLC ("Stone Pine Venture Lending") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

8.      Defendant STONEPINE ADVISORS, LLC ("Stonepine Advisors") is a Colorado limited liability company.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

01539179.2

9.      Defendant STONE PINE AUTO FUNDING, LLC ("Stone Pine Auto") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

10.      Defendant STONE PINE FINANCIAL, INC. ("Stone Pine Financial")is a Colorado corporation.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

11.      Defendant STONE PINE ACCOUNTING SERVICES, LLC ("Stone Pine Accounting") is a Colorado limited liability company.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

12.      Defendant STONE PINE INVESTMENTS II, LLC ("Stone Pine Investment II") is a Colorado limited liability company.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

13.      Defendant STONE PINE LAZEREYES, LLC ("Stone Pine Laser") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

14.      Defendant STONE PINE VENTURE LENDING, LLC ("Stone Pine Lending") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

15.     Defendant THE STONE PINE COMPANY ("Stone Pine") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

16.     Defendant SPIB MANAGEMENT, LLC ("SPIB Management") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

17.     Defendant HLSP INVESTMENT MANAGEMENT, LLC ("HLSP Management") isa Colorado limited liability company.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

18.     Defendant HLSP INVESTMENT BANKING, LLC ("HLSP Banking") was a Colorado limited liability company that was dissolved.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

19.     Defendant HLPEF/SP MANAGEMENT, LLC ("HLPEF/SP")is a Colorado limited liability company.  This Defendant can be served through its registered agent, Donald Jackson, at its registered address, 4582 S. Ulster Street, Suite 1600, Denver Colorado 80237.

20.     Defendant HAMILTON LANE SECONDARY FUND, LP ("Hamilton Lane") is a Delaware Limited Partnership.  This Defendant can be served through its registered agent, Corporation Service Company, at its registered address, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

01539179.2

21.     Defendant PRINCETON PARTNERS ("Princeton") is a general partnership consisting of Defendant Bagley and his wife.  Princeton can be served by serving Defendant Bagley.

### III.
### Background Facts

22.     The Debtor was formed on or about September 9, 1997 to serve as a full-service financial firm.  Its actual and prospective lines of business consisted of, among other things, investment management, wealth management, private equity, investment banking, debt and equity financing, and other businesses.  At various points in time, Bagley, Tackacs, Jackson, and Princeton owned equity interests in the Debtor.  At various points in time, Bagley, Tackacs, and Jackson (the "Individual Defendants") controlled the Debtor as managers.

23.     In addition to the Debtor, Defendants formed a web of other related entities that were engaged in various business ventures.  These entities includeStone Pine Capital, Stone Pine Venture Lending, Stonepine Advisors, Stone Pine Auto, Stone Pine Financial, Stone Pine Accounting, Stone Pine Investment II, Stone Pine Laser, Stone Pine Lending, Stone Pine,  SPIB Management, and Matisse Partners, LLC ("Matisse") (collectively, the "Stone Pine Entities").

24.     In the beginning, the Individual Defendants conducted their operations through the Stone Pine Entities.  In fact, they were able to land several significant projects, including an advisory contract between Matisse and American Realty Trust, Inc. ("ART").  Eventually a dispute arose between ART and Matisse resulting in ART being awarded a judgment against Matisse by the United States District Court for the Northern District of Texas in the amount of $1,389,226.52 (the "ART Judgment").  ART later sued Matisse, the Debtor, and several of the Stone Pine Entities in the 160th Judicial District Court, Dallas County, Texas.  After a jury trial, the 160th Judicial District Court found that the Debtor was the alter ego of Matisse.

6

25.     The advisory contract relationship with ART was but one of the Stone Pine Entities' ventures.  At various points in time, the Debtor, individually and through the Stone Pine Entities, engaged in large-scale ventures that netted millions of dollars in revenue.  In addition, the Stone Pine Entities had leads on projects that would have netted significantly more money. The Stone Pine Entities invested significant sums of money in start-up and deal-related expenses. However, due to the ART Judgment and other problems, the Individual Defendants caused the business opportunities of the Stone Pine Entities to be diverted to Defendants and other entities owned and controlled by them, including, without limitation, HLSP Management, HLSP Banking, HLPEF/SP, and Hamilton Lane (the "Hamilton Lane Entities"), for no consideration. In doing so, they denuded the assets of the Debtor, resulting on October 29, 2010 in the Debtor filing for bankruptcy protection while listing more than $2,204,240.24 in debts but no assets.

26.     From a review of the records and through discovery in other actions against the Debtor and its various affiliated entities, the Trustee has determined that the Individual Defendants denuded the assets of the Debtor and transferred such assets to themselves and other entities owned and controlled by them.  In addition to cash transfers, the Trustee believes that the Defendants caused the Debtor to pay them inflated and unreasonable consulting fees, to make improper and illegal loans to them, and to distribute assets to them under the guise of false and fraudulent expense reimbursements.

27.     By way of example and without limitation, the Stone Pine Entities had several potential projects in  process, including:

    (a) a letter of intent to form a private equity management company to provide Chilean
        pension funds with access to the private equity class of investments through a

joint venture with one of Chile's most highly regarded assetmanagement firms, Moneda Asset Management S.A.;

(b) an agreement with Nomura International to structure and arrange the issuance of a collateralized fund obligation of up to €1 billion secured by a pool of private equity funds managed by the Stone Pine Entities;

(c) a letter of intent to purchase an eighty percent ownership stake of Tech FundEurope's private equity division based in Pans, France;

(d) an agreement to co-manage a $200 million fund with Abu Dhabi Commercial Bank, a major Middle Eastern financial institution; and

(e) negotiations for the purchase of a controlling interest in GATE Biodiesel for €2 million.

Rather than completing these prospective transactions through the Stone Pine Entities, the Individual Defendants caused the transactions to be sold to Fortune Management, Inc. ("Fortune") by the now-dissolvedHLSP Holdings Corporation, a former affiliate of the Hamilton Lane Entities, in exchange for stock in Fortune that was distributed to the Individual Defendants. At the time that the transaction closed, the Fortune stock was worth in excess of $120 million.

28.     By way of further example, the Stone Pine Entities funded the initial due diligence relative to the purchase of a Chilean bus company.  Rather than completing the transaction through the Stone Pine Companies, a new Chilean company, Transportech, SA was formed by Tackacs and held individually by him.  None of the resulting benefit was realized by the Debtor notwithstanding the fact that the Debtor funded certain of the initial project costs.

29.     As a result of the acts and omissions of Defendants, the Debtor has been left with no assets from which to pay its creditors.

## IV.
### Claims and Causes of Actions

30.     Plaintiff Trustee pleads all matters herein in the alternative.

### Count One:
### Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A)

31.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

32.     Defendants made or caused the Debtor to make transferswith actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

33.     In the alternative, Defendants made or caused the Debtor to incur obligations with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

34.     Defendants caused such transfers to be made by the Debtor to themselves or their affiliated or related entities.   The Trustee now seeks to recover such transfers for the benefit of the Debtor's bankruptcy estate.

35.     Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants and their affiliates.  The Defendants and their affiliates comprise either the initial transferee of such transfers or the entities for whose benefit such transfers were made; or are immediate or mediate transferees of such initial transferees.

36.     As a direct and proximate result of the acts and omissions of the Defendants, the Debtor suffered and continues to suffer damages for which the Trustee seeks recovery for the benefit of the bankruptcy estate.

01539179.2

**Count Two:**
**Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)**

37.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

38.     Defendants made or caused the Debtor to make transfers and/or incur obligations for which it received less than a reasonably equivalent value in exchange for such transfer or obligation.

39.     The Debtor was insolvent on the date that such transferswere made or such obligations were incurred, or became insolvent as a result of such transfers or obligations.

40.      In the alternative, the Debtorengaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

41.     In the alternative, the Debtorintended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

42.     In the alternative, the Defendants caused the Debtorto make such transfers to or for the benefit of themselves and other insiders, or incurred such obligations to or for the benefit of themselves and other insiders.  Such transactions were not in the ordinary course of business.

43.     Defendants caused such transfers to be made by the Debtor to themselves or their affiliated or related entities.   The Trustee now seeks to recover such transfers for the benefit of the Debtor's bankruptcy estate.

44.     Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants and their affiliates.  The Defendants and their affiliates comprise either the initial

10

transferee of such transfers or the entities for whose benefit such transfers were made; or are immediate or mediate transferees of such initial transferees.

45.     As a direct and proximate result of the acts and omissions of the Defendants, the Debtor suffered and continues to suffer damages for which the Trustee seeks recovery for the benefit of the bankruptcy estate.

## Count Three:
### Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544

46.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

47.     The Trustee has, as of the commencement of the bankruptcy case, and without regard to any knowledge of the Trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable. 11 U.S.C. § 544(a) provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has

11

perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(b)(1) provides that:

Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 or that is not allowable only under section 502(e) of this title .

The transfers to the Defendants are voidable.

48.     Defendants caused such transfers to be made by the Debtor to themselves or their affiliated or related entities.   The Trustee now seeks to recover such transfers for the benefit of the Debtor's bankruptcy estate.

49.     Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants and their affiliates.  The Defendants and their affiliates comprise either the initial transferee of such transfers or the entities for whose benefit such transfers were made; or are immediate or mediate transferees of such initial transferees.

50.     As a direct and proximate result of the acts and omissions of the Defendants, the Debtor suffered and continues to suffer damages for which the Trustee seeks recovery for the benefit of the bankruptcy estate.

**Count Four:**
**Avoidance of Fraudulent Transfers Pursuant to**
**11 U.S.C. § 544 and C.R.S.§§ 38-8-105 and 38-8-108**

51.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

52.     Defendants made or caused the Debtor to make transferswith actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

53.     In the alternative, Defendants made or caused the Debtor to incur obligations with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

54.     Such transfers were made with the actual intent to hinder, delay, or defraud the creditors of the Debtor.  In the alternative, such transfers were made without the Debtor receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtor: (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii)intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

55.     Defendants caused such transfers to be made by the Debtor to themselves or their affiliated or related entities.   The Trustee now seeks to recover such transfers for the benefit of the Debtor's bankruptcy estate.

56.     Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants and their affiliates.  The Defendants and their affiliates comprise either the initial transferee of such transfers or the entities for whose benefit such transfers were made; or are immediate or mediate transferees of such initial transferees.

01539179.2

57.     As a direct and proximate result of the acts and omissions of the Defendants, the Debtor suffered and continues to suffer damages for which the Trustee seeks recovery for the benefit of the bankruptcy estate.

### Count Five:
### Avoidance of Fraudulent Transfers Pursuant to
### 11 U.S.C. § 544 and C.R.S. §§ 38-8-106 and 38-8-108

58.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here. Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

59.     Defendants made or caused the Debtor to make transfers or incur obligationsfor which the Debtor did not receive a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

60.     Defendants made or caused the Debtor to make to insiders for antecedent debts at the time that the Debtor was insolvent and the Defendants, the insiders, had reasonable cause to believe that the debtor was insolvent.

61.     Defendants caused such transfers to be made by the Debtor to themselves or their affiliated or related entities.   The Trustee now seeks to recover such transfers for the benefit of the Debtor's bankruptcy estate.

62.     Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, in the alternative, the value of such property, from the Defendants and their affiliates.  The Defendants and their affiliates comprise either the initial transferee of such transfers or the entities for whose benefit such transfers were made; or are immediate or mediate transferees of such initial transferees.

14

01539179.2

63.     As a direct and proximate result of the acts and omissions of the Defendants, the Debtor suffered and continues to suffer damages for which the Trustee seeks recovery for the benefit of the bankruptcy estate.

## Count Six:
## Breach of Fiduciary Duty

64.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

65.     As managers and control persons of the Debtor, during all relevant times, a fiduciary relationship existed between the Debtor and the Individual Defendants.  TheIndividual Defendants were fiduciaries of the Defendant.

66.     As demonstrated herein, theIndividual Defendants engaged in conduct resulting in the Debtor being denuded of assets.  The Defendants engaged in such conduct in an effort to thwart creditors and enrich themselves and the expense of the Debtor.  The Defendants breached their fiduciary duties to the Debtor.

67.     As a result of the acts and omissions of the Defendants, the Debtor suffered and continues to suffer damages as the direct and proximate result thereof for which the Trustee now sues.

## Count Seven
## Alter Ego and Veil Piercing

68.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

69.     With respect to the Stone Pine Entities, each of them were operated by the Individual Defendants.  The Stone Pine Entities were not operated as distinct business entities, funds and assets were commingled, and adequate corporate records were not maintained.

Further, the nature and form of the Stone Pine Entities' ownership and control facilitated misuse by the Individual Defendants, who were insiders. The Stone Pine Entities were thinly capitalized and were used as mere shells. The equity interest holders disregarded legal formalities and corporate assets were used for noncorporate purposes.

70.     Both alter ego and reverse piercing is appropriate in this cause. With respect to reverse piercing, the controlling insiders, Individual Defendants, the Debtor, and the Stone Pine Entities are alter egos of each other. Further, justice requires recognizing the substance of the relationship over the form because the corporate fiction was utilized to perpetuate a fraud or defeat a rightful claim.  Finally, an equitable result is achieved by piercing.

71.     The Stone Pine Entities made various transfers of property and opportunities that either were or should have been the Debtor's property and should now be property of the bankruptcy estate. Each of the Stone Pine Entities was a company that was either owned by or under common ownership with the Debtor.  Trustee additionally and alternatively asserts that the Stone Pine Entities (including Matisse) are alter egos of the Debtor for purposes of bringing into the bankruptcy estate the assets of the Stone Pine Entities (including Matisse) and for purpose of granting standing to the Trustee to assert fraudulent transfer claims based on the transfers made by them and opportunities stolen from them.

72.     Each of the Stone Pine Entities (including Matisse) was operated, managed and controlled as a mere instrumentality or alter ego of the Debtor to engage in actual fraud and for improper purposes and to serve the personal purposes of the Debtor. Because the Stone Pine Entities (including Matiesse)were the alter egos of the Debtor, the property transferred by them and the opportunities diverted from them constitute the property of the Debtor for purposes of the fraudulent transfer, breach of fiduciary duty, other claims asserted in this Complaint.

**Count Eight:**
**Attorneys' Fees and Costs**

73.     Plaintiff Trustee incorporates each of the foregoing paragraphs as if they were set forth at length here.

74.     As a result of the acts and omission complained of herein, the Trustee has retained the undersigned counsel to prosecute this action.  The Trustee is entitled to recover its costs and fees, including attorneys' fees, incurred in the prosecution of this action.


WHEREFORE, PREMISES CONSIDERED, Plaintiff DAVID E. LEWIS, Trustee, respectfully prays that the Defendants be cited to appear and answer and that the Court enter judgment against the Defendants for the following:

(a) avoidance of the transfers identified herein and through discovery;

(b) personal money judgments equal to the value of the assets at the time of the transfers;

(c) an injunction against further disposition of the transferred assets and property;

(d) an award of exemplary damages;

(e) that the Trustee be awarded attorneys' fees;

(f) that the Defendants be ordered to pay pre- and post-judgment interest;

(g) that the Trustee be awarded all costs of this action; and

(h) for such other and further relief to which the Trustee may be justly entitled, at law or in equity.

RESPECTFULLY SUBMITTED BY:


*/S/David Lewis*
David E. Lewis, Chapter 7 Trustee

01539179.2

1314 Main Street #102
Louisville, CO 80027

01539179.2